# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2021

Lyle W. Cayce
Clerk

No. 20-50913
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Charles Edward Johnson,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:07-CR-97-1

Before Higginbotham, Smith, and Oldham, *Circuit Judges*.

Per Curiam:*

Charles Edward Johnson, federal prisoner # 83808-180, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's denial of his motion for a sentence reduction under § 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50913

The district court denied Johnson's IFP motion and certified that the appeal had not been taken in good faith. By moving for IFP status, Johnson is challenging the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Johnson has filed two motions to make amendments to his appellate brief. Those two motions are DENIED.

The First Step Act stipulates that no court may entertain a motion made under § 404 if a previous motion for a sentence reduction under § 404 was denied on the merits. *See* First Step Act, § 404(c), 132 Stat. at 5222. In considering a prior § 404 motion filed by Johnson, the district court determined that Johnson was eligible for relief but denied the motion on the merits as a discretionary matter. *See id.* (providing that nothing in § 404 "shall be construed to require a court to reduce any sentence pursuant to this section"). So a second motion seeking relief under § 404 was unavailable to Johnson. *See id.* Johnson therefore cannot show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (per curiam) (internal quotation marks and citations omitted).

Accordingly, Johnson's motion to proceed IFP is DENIED, and his appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2. Johnson is WARNED that the filing of frivolous, repetitive, or otherwise abusive filings will invite the imposition of sanctions, which may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.